(December 12, 1899.)

## SPONBERG v. ONEIDA COUNTY.

[59 Pac. 532.]

ASSESSORS AND COLLECTORS—POLL TAX—AMOUNT TO BE COLLECTED. Under act of January 19, 1889, which was continued in force by the provisions of the constitution, it is the duty of the county assessors and collectors to collect on each poll after the second Monday in December, the sum of three dollars and fifty cents, and when he collects on such polls only the sum of three dollars after the second Monday of December, he must account to the county for the additional fifty cents on each poll so collected.

(Syllabus by the court.)

APPEAL from District Court, Oneida County.

George E. Gray and Dietrich & Stevens, for Appellant.

Respondent contends that he should have collected at the rate of three dollars and fifty cents per poll, and seeks to compel appellant to account at that rate, or for $338 more than he collected. By the provisions of the act of March 9, 1895, "all unpaid taxes are delinquent" on the first Monday in January in each year. (3d Sess. Laws, p. 119.) Theretofore the delinquency occurred on the second Monday of December. (Rev. Stats., 1523.) The fifty cents added to the poll tax is clearly a penalty for delinquency, and it was clearly the intention of the legislature that delinquency on both poll and property tax should occur simultaneously. Such was obviously the intention and the motive of the amendment of 1889. (See 15th Sess. Laws, p. 3.)

S. H. Hays, Attorney General, for Respondent.

This matter is brought to this court by appeal, instead of writ of error. The appeal should therefore be dismissed. (*Rupert v. Alturas County,* 2 Idaho, 19, 2 Pac. 718; *Nez Perces County v. Latah County,* 3 Idaho, 413, 31 Pac. 800.) Under the statute (Rev. Stats., sec. 1771), it was the duty of the commissioners to charge the appellant with the additional sum. We have in this state two modes of raising revenue for general state and county purposes; one by means of a property tax and the

other by means of a poll tax. It might be more convenient for the officer and to property owners, to have them become delinquent at the same time, but this was a matter wholly within the discretion of the legislature. The poll tax and the property tax do not necessarily have anything to do, with each other.

QUARLES, J.—The agreed facts in the case are, briefly, as follows: The appellant was assessor and tax collector for Oneida county during the years of 1897 and 1898. That between the second Monday in December, 1897, and the first Monday in January, 1898, appellant, as such tax collector, collected 676 poll taxes, and receipted therefor at the rate of three dollars each. That four hundred and fifty of said three dollar receipts were delivered to said collector by the county auditor of said county between said two dates. Appellant did not make any settlement with said auditor for three dollar poll taxes collected on the second Monday of December, 1897; nor did he return to said auditor any three dollar poll tax receipts on that day, nor did he demand or receive from said auditor any three dollar and fifty cent poll tax receipts prior to the first Monday in January, 1898. Appellant collected the said polls with the belief that poll taxes did not become delinquent, or the fifty cents penalty attach thereto, until after the first Monday in January. On the twenty-sixth day of July, 1898, the board of commissioners of Oneida county, in regular session, made an order to the effect that the appellant be charged with and held accountable for the additional fifty cents on each of said poll taxes, aggregating the sum of $338. From this order of the board of county commissioners the appellant appealed to the district court, which affirmed said order of the board of county commissioners, and from the judgment of the district court affirming said order appellant appeals to this court.

There is only one question that we need to consider in this case, and that is the amount of a poll tax, under the statutes of this state, after the second Monday in December of each year. By act of January 19, 1889 (Sess. Laws 1888-89, p. 3), the last territorial legislature provided as follows:

"Section 1. Every male inhabitant of this territory over twenty-one and under fifty years of age, except paupers, insane

persons, Indians not taxed, government pensioners, active mem-' bers of any volunteer fire companies regularly enrolled as such, and persons permanently disabled so as not to be able to perform any manual labor, must annually pay a poll tax of three dollars, if paid on or before the second Monday in December and after that date three dollars and fifty cents.

"Sec. 2. Upon delivering any such receipts to the tax collector as described in section 1601 of chapter 8 of the Revised Statutes of Idaho Territory, the auditor must charge the same to him and take his receipt therefor. All such receipts delivered to the tax collector before the second Monday of December must be for the sum of three dollars each, and he must be charged that sum for each, and all such receipts delivered to the tax collector after the second Monday of December in each year must be for the sum of three dollars and fifty cents each, and he must be charged that sum for each.

"Sec. 3. On the second Monday in December, the tax collector must return to the auditor all the three dollar poll tax receipts received by him and not used, and make full settlement with the auditor therefor, and pay to the treasurer the total amount collected and not before paid in, and file the treasurer's receipt therefor with the auditor; and at the time of this final settlement on the first Tuesday after the first Monday of January in each year, the tax collector must return to the auditor all the three dollar and fifty cent poll tax receipts received by him and not used, and make final settlement therefor, and pay the treasurer all poll tax money not before paid in and file the treasurer's receipt therefor with the auditor.

"Sec. 4. Sections 1600-1604, 1613, chapter 8 of the Revised Statutes of Idaho Territory, are hereby repealed."

The provisions of this act are plain, free from ambiguity, and need no construction; and said act was continued in force by the provisions of the constitution. Said act fixes the duties of the assessor and collector. He should have collected on each of the six hundred and seventy-six polls three dollars and fifty cents, instead of three dollars. He should have settled with the auditor on the second Monday of December, and returned the three dollar receipts, and demanded three dollar and fifty cent

receipts.  But it is contended on behalf of the appellant that section 1523 of the Revised Statutes, as amended by the act of March 9, 1895 (Sess. Laws 1895, p. 119), makes "all unpaid taxes delinquent" on the first Monday in January of each year following the tax levy, and that the appellant believed that said section 1523 of the Revised Statutes, as amended by the act of March 9, 1895, applied to poll taxes.  The said section 1523, as it stood originally and as amended by said amendatory act, does not relate to poll taxes, but only applies to property taxes.  Mistake nor ignorance of appellants as to the provisions of the law, nor his construction thereof, nor his belief in the matter, excuses him from performing his duties.  The judgment of the district court affirming the order of the board of county commissioners was correct, and the same is affirmed.  Costs awarded to respondents.

Huston, C. J., and Sullivan, J., concur.